IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

NOV - 1 2019

AT BALTIMORE
CLERK, U.S DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

DARNELL ROBERTSON  \*

    Petitioner,  \*

    v.  \*

T-MOBILE US, INC. D/B/A
METROPCS,  \*

    Respondent.  \*

Civil Action No. RDB-19-2567

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Petitioner Darnell Robertson ("Robertson" or "Petitioner") has initiated arbitration proceedings against Credit Acceptance Corporation ("CAC"), alleging that it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by using an automatic telephone dialing system to repeatedly call his cellular phone after he revoked his prior consent to be called. (Pet. ¶ 8.) Robertson now appeals to this Court[1] to enforce a subpoena *duces tecum* issued by the arbitrator against a non-party to the arbitration proceeding, T-Mobile US, Inc. D/B/A MetroPCS ("MetroPCS" or "Respondent"). Presently pending is his Petition to Enforce Subpoena (ECF No. 1.) The submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). The Petition is GRANTED as Petitioner has demonstrated that the information sought is integral to his claim and otherwise unavailable thus giving rise to a special need for the information.

---

[1] This Court may take jurisdiction over this matter pursuant to § 7 of the Federal Arbitration Act ("FAA") because the arbitrator sits in the district of this Court. 9 U.S.C. § 7; *see also COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 274 (4th Cir. 1999) (holding that it was proper for the Eastern District of Virginia to assume jurisdiction over an arbitration matter because situs of the arbitration was within the district).

## BACKGROUND

On May 4, 2018, Darnell Robertson ("Petitioner") filed a demand for arbitration with the American Arbitration Association ("AAA") against Credit Acceptance Corporation pursuant to an arbitration agreement. (Pet. ¶ 7, ECF No. 1.); (Pet. Ex. A, ECF No. 1-2.) Petitioner alleges that Credit Acceptance Corporation violated the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.*, by using an automatic telephone dialing system to repeatedly call his cellular phone after he revoked his prior consent to be called. (Pet. ¶ 8.) In connection with discovery efforts, Petitioner sought subcriber information and incoming and outgoing phone calls from MetroPCS for a period between October 1, 2016 and February 28, 2018. (Pet. Ex. B, ECF No. 1-3.) Accordingly, the arbitrator issued a subpoena ordering MetroPCS to produce these records. *Id.* On November 4, 2018, MetroPCS indicated that it would not comply with the subpoena, asserting that the arbitrator did not have authority to order "pre-action discovery from a non-party to the arbitration." (Pet. Ex. C, ECF No. 1-4.) On September 5, 2019, Petitioner initiated this action by filing a Petition to Enforce Subpoena (ECF No. 1) in this Court.

## ANALYSIS

Petitioner seeks to enforce an arbitrator's subpoena for "subscriber information and incoming and outgoing telephone calls." (ECF No. 1-3.) The Respondent[2] has refused to produce these records, asserting that there is no statutory or other legal authority requiring it

---

[2] Respondent has not filed a response to the petition despite being served on October 3, 2019. (ECF No. 5.)

to comply with the subpoena issued in an arbitration proceeding to which it is not a party. (ECF No. 1-4.)

"The subpoena powers of an arbitrator are limited to those created by the express provisions of the [Federal Arbitration Act ("FAA")]." *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 275 (4th Cir. 1999). Section 7 of the FAA authorizes arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. The FAA invests district courts with the authority to enforce the arbitrator's subpoenas. *Id.* This authority is not limitless. The court may only compel arbitration discovery against a non-party under "unusual circumstances" and only upon "a showing of special need or hardship." *COMSAT Corp.*, 190 F.3d at 276 (citing *Burton v. Bush*, F.2d 389, 391 (4th Cir. 1980)). At bottom, "a party must demonstrate that the information it seeks is otherwise unavailable." *Id.*

In this case, Petitioner has satisfactorily demonstrated a special need for the requested documents. Petitioner represents that the requested phone records are essential his arbitration claims. (Pet. ¶ 19.) He has also indicated that they are "otherwise unavailable" because Credit Acceptance Corporation does not maintain records of its outgoing calls. (*Id.*) These uncontested representations suffice to establish that unusual circumstances justify the enforcement of the arbitration subpoena against a non-party. Accordingly, the Petition is GRANTED.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 1st day of November 2019 that:

3

1. The Petition (ECF No. 1) is GRANTED;

2. Respondent, T-Mobile US, Inc. D/B/A MetroPCS shall produce the documents identified in the arbitrator's subpoena (ECF No. 1-3) within fifteen (15) days after being served with an Order from this Court;

3. If Respondent, T-Mobile US, Inc. D/B/A MetroPCS fails to timely produce the requested documents, it may be subject to contempt proceedings;

4. The Clerk of Court shall transmit a copy of this Order to counsel of record.

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge